ORIGINAL

**18 MAG   0825**

Approved: _____
JACOB WARREN / DOMINIC GENTILE
Assistant United States Attorneys

Before:  HONORABLE KEVIN NATHANIEL FOX
         United States Magistrate Judge
         Southern District of New York

- - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA              :   SEALED COMPLAINT
                                      :
                                      :   Violations of 18 U.S.C.
            -v.-                      :   §§ 371, 922(a)(1)(A),
                                      :   922(a)(3), 922(q),
MAQUAN MOORE,                         :   924(b), and 2.
                                      :
            Defendant.                :   COUNTY OF OFFENSE:
- - - - - - - - - - - - - - - - - - - X   NEW YORK

SOUTHERN DISTRICT OF NEW YORK, ss.:

KERRI JOHNSON, being duly sworn, deposes and says that she is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and charges as follows:

### COUNT ONE
### (Firearms Trafficking Conspiracy)

1.  From at least in or about December 2017 up to and including at least in or about January 2018, in the Southern District of New York and elsewhere, MAQUAN MOORE, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, trafficking in firearms in violation of Title 18, United States Code, Section 922(a)(1)(A).

2.  It was a part and object of the conspiracy that MAQUAN MOORE, the defendant, and others known and unknown, not being licensed importers, licensed manufacturers, and licensed dealers of firearms within the meaning of Chapter 44, Title 18, United States Code, would and did willfully and knowingly engage in the business of dealing in firearms, and in the course of such business would and did ship, transport, and receive firearms in interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(a)(1)(A).

Overt Acts

3. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere:

a. On or about January 24, 2018, a co-conspirator ("CC-1"), at MOORE's direction, text messaged an undercover New York City Police Department Office ("UC-1") a picture of seven firearms that MOORE had available for purchase.

(Title 18, United States Code, Section 371.)

## COUNT TWO
### (Firearms Trafficking)

4. From at least in or about December 2017 up to and including at least in or about January 2018, in the Southern District of New York and elsewhere, MAQUAN MOORE, the defendant, not being a licensed importer, licensed manufacturer, and licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully and knowingly engage in the business of dealing in firearms, and in the course of such business did ship, transport, and receive firearms in interstate and foreign commerce, to wit, MOORE illegally sold firearms in Manhattan.

(Title 18, United States Code, Sections 922(a)(1)(A) and 2.)

## COUNT THREE
### (Interstate Transportation and Receipt of Firearms)

5. From at least in or about December 2017, up to and including at least in or about January 2018, in the Southern District of New York and elsewhere, MAQUAN MOORE, the defendant, not being a licensed importer, licensed manufacturer, licensed dealer or licensed collector of firearms within the meaning of Chapter 44, Title 18, United States Code, willfully and knowingly did transport into and receive in the State of New York, where MOORE then resided, firearms purchased and otherwise obtained by the defendant outside the State of New York, to wit, MOORE received into New York firearms purchased in Florida.

(Title 18, United States Code, Sections 922(a)(3) and 2.)

**COUNT FOUR**
**(Receiving Firearm with Intent to Commit an Offense)**

6. On or about January 10, 2018, in the Southern District of New York, MAQUAN MOORE, the defendant, with intent to commit therewith an offense punishable by imprisonment for a term exceeding one year, and with knowledge and reasonable cause to believe that an offense punishable by imprisonment for a term exceeding one year was to be committed therewith, received a firearm in interstate commerce, to wit MOORE received a Military Armament Corporation Model 10 (the "MAC-10") in New York and then illegally sold the MAC-10 to UC-1, in violation of New York Penal Law Sections 265.01 and 265.02.

(Title 18, United States Code, Section 924(b).)

**COUNT FIVE**
**(Possession of a Firearm Near a School Zone)**

7. On or about December 26, 2017, in the Southern District of New York, MAQUAN MOORE, the defendant, did knowingly possess a firearm that had moved in and that affected interstate commerce at a place that he knew or had reasonable cause to believe was a school zone, to wit, MOORE possessed five firearms, that were purchased outside New York, within a distance of 1,000 feet of the grounds of Public School M560, a public high school in Manhattan.

(Title 18, United States Code, Sections 922(q)(2)(A).)

The bases for my knowledge and the foregoing charges are, in part, as follows:

8. I have been involved in the investigation of this matter, and I base this affidavit on that experience, as well as on my conversations with other law enforcement agents, and my examination of various reports and records. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

9. In the course of this investigation, I have learned, among other things, the following:

a. On or about November 28, 2017, MAQUAN MOORE, the defendant, met with UC-1 near the intersection of Fulton Street and Malcom X Boulevard in Brooklyn (the "November 28, 2017 Meeting"). During the November 28, 2017 Meeting, MOORE informed UC-1, among other things, that MOORE had an out of state connection with access to firearms. MOORE also showed UC-1 a photograph of multiple firearms on MOORE's cellphone that could potentially be available for purchase as well as the prices at which those firearms could be purchased.

b. On or about December 13, 2017 (the "December 13, 2017 Meeting"), MOORE met UC-1 at a location, chosen by MOORE, in downtown Manhattan (the "Downtown Manhattan Location") and sold UC-1 the four firearms pictured below. The December 13, 2017 Meeting was video and audio recorded.



c. On or about December 26, 2017 (the "December 26, 2017 Meeting"), MOORE met UC-1 at the Downtown Manhattan Location and sold UC-1 the five firearms pictured below. The December 26, 2017 Meeting was video and audio recorded. At the December 26, 2017 Meeting, UC-1 commented to MOORE that the Downtown Manhattan Location was within one block of a nearby school.



        d.    On or about January 3, 2018 (the "January 3, 2018 Meeting"), MOORE met UC-1 at the Downtown Manhattan Location and sold UC-1 the nine firearms pictured below. The January 3, 2018 Meeting was video and audio recorded.



        e.    On or about January 10, 2018 (the "January 10, 2018 Meeting"), MOORE met UC-1 at the Downtown Manhattan Location and sold UC-1 the nine firearms pictured below. The January 10, 2018 Meeting was video and audio recorded. One of

5

the firearms MOORE sold UC-1 at the January 10, 2018 Meeting was a MAC-10 (the "MAC-10"), circled in red below, which is considered an assault weapon under New York state law, in violation of New York Penal Law Section 265.02.[1] The MAC-10 was manufactured by Cobray outside the state of New York.



f. On or about January 23, 2018, MOORE sent a text message to UC-1 that stated "I got half ya sneakers . . . 7 for 5 soon as u ready." Based on my training and experience and participation in this investigation, I believe that MOORE is telling UC-1 that MOORE has half of the firearms UC-1 previously requested (seven firearms) at a price of $5,000. MOORE then directed CC-1 to send UC-1 a picture of the seven firearms that MOORE had available for purchase. CC-1 then sent UC-1 a picture of the seven firearms that were available for purchase.

g. Based on my review of ATF records, I know that at least four of the firearms sold by MOORE to UC-1 were purchased in December 2017 in Florida. In total, MOORE trafficked more than 25 firearms to New York.

---

[1] In addition, MOORE's possession and sale of the firearms referenced herein, including the MAC-10, without any New York state permits, also violates New York Penal Law Section 265.01.

WHEREFORE, deponent prays that MAQUAN MOORE, the defendant, be imprisoned or bailed, as the case may be.

_____
KERRI JOHNSON
Special Agent, ATF

Sworn to before me this
31st day of JANUARY, 2018

_____
HONORABLE KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK